UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY LLANTEN,

    Plaintiff,

v.                                           Case No: 8:16-cv-2835-T-35JSS

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER ON DEFENDANT'S MOTION TO PERMIT ENTRY ONTO PROPERTY**

THIS MATTER is before the Court on Defendant's Motion to Permit Entry onto Property ("Motion") (Dkt. 13), Plaintiff's response in opposition (Dkt. 14), and Defendant's reply (Dkt. 17). For the reasons that follow, the Motion to Permit Entry onto Property is granted in part and denied in part.

## BACKGROUND

This case involves an insurance coverage dispute under an insurance policy issued to Plaintiff by Defendant. (Dkt. 2.) Plaintiff alleges that her property covered by the policy was physically damaged in June 2015. (Dkt. 2 ¶¶ 4–5.) After reporting the loss to Defendant, Defendant inspected the property. (Dkt. 2 ¶ 7.) Thereafter, Defendant denied Plaintiff's claim and did not pay Plaintiff benefits under the policy. (Dkt. 2 ¶ 8.)

Plaintiff alleges that Defendant breached the policy by denying or undervaluing her claim, and has suffered the following damages she alleges are recoverable under the policy: "the value of her dwelling and all other structures, costs to stabilize the land and building and repair the foundation, costs associated with debris removal, any consequential damages plus the applicable interest rate, and all other elements of damages provided for in the Policy." (Dkt. 2 ¶¶ 9–10.)

In its answer, Defendant admits that it issued Plaintiff a Residential Dwelling Certificate and denied Plaintiff's claim for a sinkhole loss at the property "following receipt of a Structural Damage Assessment Report from Central Florida Testing Laboratories, which concluded that there was no sinkhole loss at the Property."  (Dkt. 3 ¶¶ 4, 8.)  As one of its affirmative defenses, Defendant contends that the policy does not cover a sinkhole loss "where there has been no structural damage to the Property as defined under Fla. Stat. § 727.706(k)."  (Dkt. 3 ¶ 15.)  To the extent Plaintiff prevails on establishing a sinkhole loss, Defendant contends her damages are either totally precluded or limited to certain categories.  (Dkt. 3 ¶¶ 17–20.)

In the Motion, Defendant seeks an order compelling Plaintiff to allow Defendant entry onto Plaintiff's property in order for Defendant's expert to perform an inspection and testing.  Although Defendant's expert inspected the property during the insurance claims process before this lawsuit was filed, since that time, Plaintiff served Defendant with Plaintiff's expert's report.  Defendant requests access to the property to perform the same testing as Plaintiff's expert in order to rebut Plaintiff's expert's findings and conclusions.  Plaintiff opposes Defendant's request, arguing that an additional inspection would be duplicative of the previous inspection and unduly burdensome.

**APPLICABLE STANDARDS**

The court has broad discretion to compel or deny discovery.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the case's needs.  Fed. R. Civ. P. 26(b)(1).  Nonetheless, the court must limit the extent of discovery otherwise allowed if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Requests "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(B).

In accordance with Rule 26(b), a court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion. *See N.Y. Ass'n for Retarded Children Inc. v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983); *Murphy v. Cooper Tire & Rubber Co.*, No. 5:08cv40/RS/EMT, 2008 WL 3926715, at *3–4 (N.D. Fla. Aug. 21, 2008); *Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2008 WL 4371319, at *1 (S.D. Fla. Sept. 19, 2008).

**ANALYSIS**

In the Motion, Defendant seeks an order compelling Plaintiff to allow Defendant entry onto Plaintiff's property and its attorneys' fees and costs incurred in bringing the Motion. (Dkt. 13 at 14.) Defendant explains that, during the insurance claims evaluation process and after an initial inspection of Plaintiff's property, Defendant retained Central Florida Testing Laboratories, Inc. ("CFTL") to determine whether there was structural damage to the dwelling at the Property as defined in Fla. Stat. § 627.706." (Dkt. 13 ¶ 2.) CFTL performed a structural damage assessment of the property, and issued a report concluding that the dwelling at the property "had not experienced 'structural damage' as that term is defined under Fla. Stat. § 627.706." (Dkt. 13 ¶ 3.) Defendant notified Plaintiff that her claim was denied based on CFTL's determination that there was no structural damage to her house, and, thus, no sinkhole loss as defined under Florida law

and the policy. (Dkt. 13 ¶ 4.) In December 2015, Plaintiff invoked, pursuant to Florida law, a natural evaluation of the property by David Aponte, P.E., who concluded that there was no structural damage to the dwelling, and, thus, no sinkhole loss. (Dkt. 13 ¶ 5.)

Plaintiff sued Defendant in state court in June 2016, after which the case was removed. (Dkt. 13 ¶ 7.) Defendant contends that Plaintiff sues for the repair and remediation of an alleged sinkhole loss, as defined under Florida law and the policy. (Dkt. 13 at 9.) The policy defines a sinkhole loss as structural damage to the dwelling or foundation arising out of or caused by sinkhole activity. (Dkt. 2 at 22 ¶¶ 9–10.) In the course of discovery, Plaintiff produced a structural damage evaluation report, dated June 1, 2016, prepared by Florida Testing & Environmental, Inc. ("FTE"). (Dkt. 13 ¶ 8.) FTE opined that there is a sinkhole loss at the property because there was structural damage to the dwelling and sinkhole activity. (Dkt. 13 ¶ 11.)

Because Plaintiff claims, pursuant to the FTE report, that her dwelling has structural damage caused by sinkhole activity, Defendant seeks entry onto the property to perform an inspection and testing responsive to FTE's findings and conclusions. Pursuant to Rule 34(a)(2), Defendant served an inspection request on Plaintiff's counsel in October 2016, requesting Defendant's access to the property to inspect the dwelling's interior and exterior and to perform boring tests on the dwelling's exterior. (Dkt. 13-1.) Defendant states that the interior inspection would be completed in four hours or less and the testing of the dwelling's exterior would take approximately eight to ten hours over a two-day period. (Dkt. 13-1.) Plaintiff served an objection to Defendant's inspection request, asserting that the request is unduly burdensome and seeks duplicative evidence because no further inspection is required as CFTL has already concluded there was no structural damage to the dwelling. (Dkt. 13-2.)

In the Motion, Defendant argues that, regardless of any pre-suit inspections, it is entitled to inspect the subject property of this lawsuit; a four-hour interior inspection is not unduly burdensome, especially in light of Plaintiff's recent estimate of $71,000 in cosmetic damage to thirteen of Plaintiff's rooms; and fairness dictates that Defendant be permitted to perform testing of whether there is evidence of sinkhole activity in order to rebut FTE's conclusions. (Dkt. 13 ¶ 19.)

In response to the Motion, Plaintiff first argues that Defendant's inspection request is unreasonable under Rule 34(b)(1)(B) because four hours is not sufficient time to perform visual inspections and testing, and, nonetheless, "given the Defendant had allegedly gathered enough data to deny the Plaintiff's claim, four hours or more is an excessive and unduly burdensome amount of time for the Plaintiff and her counsel to monitor the Defendant's experts at the Property." (Dkt. 14 at 3.) The presence of Plaintiff's counsel and experts at a four-plus hour inspection, Plaintiff argues, is burdensome and expensive to Plaintiff. (Dkt. 14 at 4.) Second, Plaintiff argues that another inspection is duplicative of Defendant's first inspection and the testing Defendant requests "would only be relevant to the Defendant's defenses if the Property had experienced 'structural damage' during the policy period," which Defendant's expert concluded did not occur. (Dkt. 14 at 5.)

In reply, Defendant argues that the inspection would not be duplicative of its previous inspection because "CFTL did not previously perform testing to determine whether sinkhole activity existed at the Property because the issue of the existence of sinkhole activity was never ripe until this lawsuit was filed and Plaintiff presented the FTE Report." (Dkt. 17 ¶ 2.) Specifically, Defendant contends, because Plaintiff must establish a sinkhole loss under the policy, which requires a showing of structural damage arising out of or caused by sinkhole activity,

discovery related to whether there was sinkhole activity at the property is relevant to Plaintiff's claims and Defendant's defenses. (Dkt. 17 ¶ 3.) Further, Defendant contends that the exterior testing is not unduly burdensome because FTE's testing took the same amount of time as Defendant proposes and Plaintiff has the option of whether or not to observe the testing. (Dkt. 17 ¶ 4.)

While CFTL has inspected the property before, those inspections were conducted before this lawsuit was filed. Although the basis of Plaintiff's claim for coverage has not changed, the posture of the parties has because, at the time of CFTL's inspection, Defendant was assessing Plaintiff's insurance claim rather than, as now, conducting discovery regarding the parties' claims and defenses. Also, at the time of CFTL's inspection, Defendant did not have FTE's report, which Defendant now seeks to rebut. Recognizing that the discovery rules are designed to "allow the parties to develop fully and crystalize concise factual issues for trial," and "are to be broadly and liberally construed," *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973),[1] the Court finds that Defendant's inspection of the property is not unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiff argues that the four-hour interior inspection is burdensome, and the need for Plaintiff's counsel and expert to be present for the interior inspection and the much lengthier exterior testing is costly. However, "[t]he mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." *Tesler*, 2008 WL 4371319, at *1–2 (quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2214 (2d ed.1994)). Here, Defendant limits its request of the

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

interior to four hours and its exterior testing is no more onerous than FTE's. *See Abreu v. Am. Sec. Ins. Co.*, Case No. 8:15-cv-01180, ECF No. 14 (M.D. Fla. Dec. 9, 2015) (permitting a four-hour inspection of property subject to a lawsuit regarding whether losses allegedly caused by a sinkhole were compensable); *Morejon v. Am. Sec. Ins. Co.*, Case No. 8:11-cv-02510-RAL-TGW, ECF 40 (M.D. Fla. Mar. 1, 2013) (permitting an inspection of property subject to a lawsuit regarding whether losses allegedly caused by a sinkhole were compensable).

Accordingly, the Motion is granted. The parties shall confer and agree on a mutually-agreeable date(s) and time(s) for CFTL to inspect and perform testing on the property. The inspection and testing shall be completed within thirty days of this Order. The Motion, however, is denied with respect to Defendant's request for its fees and costs because Plaintiff's objection to the inspection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii) (providing that, if a motion to compel is granted, the court must not order payment of the movant's reasonable expenses if "the opposing party's . . . objection was substantially justified"); *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (internal quotations omitted) (explaining that "an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.").

Accordingly, it is **ORDERED** that Defendant's Motion to Permit Entry onto Property (Dkt. 13) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Tampa, Florida, on March 10, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record